R. GUDGELL *v.* BATH COUNTY COURT.

[Abstract Kentucky Law Reporter, Vol. 1—336. Reported in full in
8 Ky. L. 677.]

**Compensation of County Attorneys.**
> A county attorney is entitled to a reasonable salary out of the county levy, but as to the amount thereof the court of claims must judge, subject to the right of appeal to the circuit or to the common pleas court when the claim is for $20 or more, and such a case is triable de novo by such appellate court.

APPEAL FROM BATH COURT OF COMMON PLEAS.

October 21, 1880.

OPINION BY JUDGE HARGIS:

"He (the county attorney) shall be allowed annually, at the court of claims, a reasonable salary out of the county levy." Section 8, Art. 3, Chap. 5, General Statutes.

This is the provision for the payment of county attorneys for their official services. The law has fixed the fact that the attorney shall have an annual salary, but as to the amount thereof the court of claims is the judge, governed by the requirement that the sum shall be reasonable. The court has no discretion about the matter, except as to the amount, and that limited within reasonable bounds.

The court of claims, on motion of appellant for a reasonable salary out of the county levy for one year's services as county attorney, allowed him the sum of $150, to which he objected and excepted, and prosecuted an appeal to the Bath Court of Common Pleas, which court dismissed his appeal because he had not demanded from the court of claims a specific sum or amount for his salary.

By Sec. 11, Art. 3, Chap. 27, Gen. Stat., it is provided that any person presenting a claim for allowance before a county court of levy and claims for twenty dollars or upward shall have the right to appeal to the circuit court from the judgment or order of said court

rejecting said claim, or any part thereof, as appeals are now taken from judgments of the quarterly court.

This law authorizes the circuit court (the common pleas court having the same jurisdiction) to hear the case de novo on appeal. It seems to us that the spirit and intent of the statute, supra, is that where the law directs that a reasonable sum shall be allowed as a salary to a public officer for his official services, the presentation of such claim, with the facts showing it to be of the class provided for by law, and asking the court to make the reasonable allowance, without fixing the amount in the claim, is sufficient to authorize an appeal, provided the service so claimed to have been rendered is in value twenty dollars or upward.

There is no difficulty in ascertaining the fact whether the services constituting the claim were of the value of twenty dollars or upward. If the proof should show that a reasonable sum was less than twenty dollars, or the sum allowed, then a dismissal of the appeal would be proper.

Wherefore the judgment is *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

Chief Justice Cofer dissenting.

*R. & W. S. Gudgell, for appellant.    J. S. Hurt, for appellee.*

[Cited, *City of Newport v. Berry*, 80 Ky. 354, 4 Ky. L. 185; *Ohio County Court v. Newton*, 79 Ky. 267.]